**Mary M. WEBB, D/B/A The Isaac Richmond Company, Appellant,**

v.

**Norman B. MARTIN et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

Joe Hobson, Prestonsburg, for appellant.

Tackett & Tackett, W. W. Burchett, Prestonsburg, for appellees.

CULLEN, Commissioner.

Mary M. Webb, who operates a mercantile store under the name of the Isaac Richmond Company, brought action against Norman B. Martin to recover the sum of $475.43 alleged to be due from Martin for goods and merchandise sold and delivered to him. Martin asserted the defense that the goods and merchandise had been delivered to him by Mary's husband and agent, Oliver Webb, in satisfaction of an indebtedness Oliver owed Martin for bets placed by Oliver in a bookie establishment operated by Martin.

The case was tried before a jury. Mrs. Webb's motion for a directed verdict was overruled and the jury returned a verdict for the defendant. Mrs. Webb's motion for judgment n. o. v. likewise was overruled and judgment was entered dismissing the complaint. She has moved for an appeal.

KRS 372.010 provides:

"Every contract, conveyance, transfer or assurance for the consideration, in whole or in part, of money, property or other thing won, lost or bet in

any game, sport, pastime or wager, or for the consideration of money, property or other thing lent or advanced for the purpose of gaming, or lent or advanced at the time of any betting, gaming, or wagering to a person then actually engaged in betting, gaming, or wagering, is void."

KRS 372.020 provides in substance that money or anything else of value lost in gambling may be recovered of the winner by the loser by action brought within five years.

Martin concedes that if this was a suit by Oliver Webb to recover gambling losses he could recover provided he proved the loss. But Martin maintains that this is not such a suit, but rather one by Mary Webb to recover the value of merchandise which Oliver, as her agent, had authority to dispose of, and that Mary's only remedy is against Oliver.

In 2 Am.Jur., Agency, sec. 117, p. 97, the law is stated to be as follows:

"Authority conferred on an agent to sell, though accompanied with the possession of the property to be sold, confers no actual or ostensible authority to apply or transfer the property in payment of his own debt, and one who so takes the property, though in good faith, cannot ordinarily hold the same against the principal. This is true as regards an agent having general authority to carry on a mercantile business for his principal; he can only appropriate the goods to the use and profit of the principal, and, in this regard, persons dealing with a general agent are bound to measure the scope of his authority, as they are in dealing with a special agent."

Applying the law as so stated, it is clear that Oliver had no authority to dispose of Mary's merchandise in payment of his own debt, and Martin cannot rely upon any such supposed authority to relieve him of the obligation to pay Mary for the merchandise.

There is no evidence that Mary approved or ratified the transaction between Oliver and Martin, or even knew of it.

 Under any theory of the case, Mary is entitled to recover. If the suit is treated as one to recover property lost in gambling, recovery is authorized by KRS 372.010 and 372.020. If it be treated as a suit to recover property improperly disposed of by Mary's agent, recovery is authorized because Martin was charged with knowledge that an agent cannot dispose of his principal's goods in payment of his personal debt.

The motion for an appeal is sustained and the judgment is reversed with directions to enter judgment in accordance with the motion for judgment n. o. v.